IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHARLES HICKS #246241,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:07-cv-257-MHT |
| | ) |
| **ALABAMA DEPT. OF CORRECTIONS,** | ) |
| **et al.,** | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED SPECIAL REPORT AND ANSWER

COMES NOW Defendant Classification Specialist Debra Martin, by and through the undersigned counsel in the above-styled action, and files her Second Amended Special Report and Answer pursuant to the May 11, 2007 Order of this Honorable Court. Defendant Martin states as follows:

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendant Martin has denied Plaintiff the right to work release.

### DEFENDANTS

1.  Debra Martin, Classification Specialist
    Frank Lee Youth Center
    P.O. Box 220410
    Deatsville, AL 36022

### DEFENSES

Defendant Martin assert the following defenses to Plaintiff's claims:

1. Defendant denies each and every material allegation contained in Plaintiff's Complaint and demand strict proof thereof.

2. Defendant pleads not guilty to the charges in Plaintiff's Complaint.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. Plaintiff is not entitled to any of the relief requested.

5. Defendant pleads the defense of qualified immunity and avers that any purported action taken by her was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6. Defendant is entitled to qualified immunity and avers it is clear from the face of the complaint that Plaintiff has not alleged specific facts indicating that Defendant violated any clearly established constitutional right.

7. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

8. The allegations contained in Plaintiff's Complaint against Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against a person sued in her individual capacities. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.,* 880 F. 2d 305, 309 (11th Cir. 1989).

9. Defendant pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

10. Defendant was at all times acting under the color of state law and therefore, she is entitled to substantive immunity.

11. Defendant pleads the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against Defendant would amount to mere negligence which is not recognized as a deprivation of Plaintiff's constitutional rights.

13. All claims of Plaintiff against Defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

14. Defendant pleads the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to Plaintiff.

15. Defendant pleads the affirmative defense that Plaintiff has failed to mitigate his own damages.

16. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

17. Defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against her and that any such award would violate the United States Constitution.

18. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

19. Defendant reserves the right to raise additional defenses.

## DISCLOSURES

In accordance with the May 11, 2007 Special Report Order, Defendant submits the following initial disclosures:

A. Attached affidavits of:

    8.    Debra Martin, Classification Specialist

B. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendants:

Horace Burton, Captain

Debra Martin, Classification Specialist

Paul Whaley, Director of Classification

Charles Hicks, Plaintiff

## STATEMENT OF THE FACTS

Plaintiff is an inmate within the Alabama Department of Corrections. He was confined at Frank Lee Youth Center in Deatsville, Alabama. Plaintiff is serving a 10-year term for three (3) convictions of Theft of Property I. (Ex. 5[1])

Plaintiff alleges that he is being denied being classified to work release because of the litigation that he has filed. Plaintiff further alleges that his legal mail is not leaving the institution in a timely manner. These allegations are false.

On April 17, 2006, Judge Gloria T. Bahakel ordered Plaintiff to complete a vocational training program during his current incarceration. (Ex. 4) In November 2006, Defendant Martin reviewed Plaintiff's file for his semi-annual review. (Ex. 4) Plaintiff was not eligible for any changes in his classification "because he has not completed the

---

[1] Exhibits 1-7 were previously submitted with Defendants' Answer and Special Report and Amended Special Report and Answer. (Doc. 11, 14)

4

mandated court ordered vocational training..." (Ex. 4) Plaintiff will not be considered for a placement into work release until he has complied with the sentencing court's order. (Ex. 4) "Defendant Martin has no control over criteria utilized to determine work release eligibility. These criteria are set forth in the Department of Corrections Classification Manual." (Ex. 4) Defendant Martin further states that she follows the criteria in the Alabama Department of Corrections Classification Manual. (Ex. 7, 8) She has not denied Plaintiff of any privileges. (Ex. 7, 8)

As to the issue of Plaintiff's legal mail, it is opened and inspected in the inmate's presence, as required by ADOC Administrative Regulation 448. (Ex. 2) Outgoing mail of any kind is not opened without "cause." (Ex. 2) Plaintiff's outgoing mail has not been opened and inspected. (Ex. 2)

It should be noted that Defendant Cummins has not been the Warden of Frank Lee Youth Center since January 1, 2007. (Ex. 1) At the time of these incidents, Defendant Cummins was assigned to Bullock Correctional Facility in Union Springs, Alabama. (Ex. 1) Defendant Allen does not control the day-to-day operations of an institution. (Ex. 3) Defendant Allen is not aware of Plaintiff's allegations.

## ARGUMENT

### I.     Immunities

As is evident from Plaintiff's complaint, his claims are directed principally toward actions allegedly perpetrated by officials of the Alabama Department of Corrections (ADOC). There are no claims directed specifically toward Defendant Commissioner Allen.

"'It is well established in [the Eleventh] Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, the Commissioner cannot be subjected to suit merely because other state officials or agents who may ultimately answer to them have allegedly violated the law.

There is a requirement for "heightened pleading" that attends section 1983 claims, especially those for which qualified immunity is raised as a defense. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). As the Eleventh Circuit has held, "[i]n civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). The courts "'generally accord . . . official conduct a presumption of legitimacy.'" Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

Defendants are officials or agencies of the State of Alabama, Plaintiff's official-capacity claims must be considered to be against the State itself. This, in turn, affords the Defendants Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, Plaintiff's federal claims for damages against the Defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

Plaintiff's state-law claims against the Defendants in their official capacities are similarly barred by the State's sovereign immunity, as is bestowed by Article I, Section 14 of the Alabama Constitution of 1901. In Haley v. Barbour County, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d 783, 788 (Ala. 2004) (citing Lyons v. River Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003), and Mitchell v. Davis, 598 So. 2d 801, 806 (Ala. 1992)). Thus, the Plaintiff's claims under state law for damages against the Defendants in their official capacities are barred by sovereign immunity and should be dismissed.

The Defendants are entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint. The basic test for qualified immunity was stated in Harlow v. Fitzgerald, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages; it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). Also, in

7

Gardner v. Howard, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject to suit for every move they make. This action would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, the Defendants deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon Plaintiff to show that the Defendants violated "clearly established constitutional law" in their dealings with Plaintiff. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been demonstrated by Plaintiff. He has alleged no constitutional injury perpetrated by any of the Defendants. Likewise, Plaintiff cannot contend that the Governor or the Commissioner vicariously harmed him because of the alleged actions of other state officials or agents. See Cottone, 326 F.3d at 1360. Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified

immunity bars his attempt to impose liability on the Defendants. Therefore, Plaintiff's federal claims against the Defendants in their individual capacities should be dismissed.

Plaintiff asserts his allegations against the Defendants in both their individual and official capacities. As was stated previously, Defendants are entitled to sovereign immunity to the extent Plaintiff has sued them in their official capacities for damages under state law. However, just as the Defendants in their individual capacities are entitled to qualified immunity under federal law, they are protected by State-agent immunity under state law.

In Ex parte Butts, 775 So. 2d 173 (Ala. 2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State. Though distinct from a qualified immunity analysis under federal law, State-agent immunity similarly shields state officials from liability while they are discharging their duties in good faith. In this case, the Defendants' alleged actions clearly fall within the protection of State-agent immunity under Alabama law. See Butts, 775 So. 2d at 177-78 ("A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners").

The Defendants can only be divested of State-agent immunity upon a showing that they acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law. Butts, 775 So. 2d at 177-78; Ryan v. Hayes, 831 So. 2d 21, 28 (Ala. 2002). Moreover, it is the Plaintiff's burden to make such a showing.

Ryan, 831 So. 2d at 27-28; see also Giambrone v. Douglas, 874 So. 2d 1046, 1052 (Ala. 2003) (holding that, once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity).

Plaintiff simply cannot carry the burden of proof in this case. As argued herein, the Plaintiff has not bothered to state with any particularity what all of the Defendants did to become defendants in this lawsuit. Consequently, it is inconceivable that Plaintiff could marshal the evidence needed to defeat State-agent immunity.

## II.     Duties

These courts have continuously recognized that the operations of correctional institutions are, at best, a difficult assignment and that correctional officials must be given broad range in discretion and latitude in which to carry out their duties. See Hewlitt v. Helms, 459 U.S. 460 (1983). "Prison administrators...should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979); Sims v. Mashburn, 25 F.3d 980 (11th Cir. 1994).

The Alabama Department of Corrections established an administrative regulation to address incoming and outgoing inmate mail. The current regulation is AR 448, which was enacted on December 19, 2005 and supercedes Administrative Regulation 303. (Ex. 6) This regulation defines "legal mail" as "[l]etters to and from attorneys, courts, judges, clerks, and other officials of the courts and governmental agencies." The regulation states that "[a]ll 'Legal Mail' will be opened and inspected in the presence of the inmate."

This regulation further states that the inspection of "[i]ncoming mail, including 'Legal Mail', shall be inspected for contraband and/or for abuse of the mail privilege. Outgoing mail may be inspected for contraband." (Ex. 6)

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). The United States Supreme Court considered the issue of incoming legal mail in *Wolff v. McDonnell*, 415 U.S. 539, 576-577 (1974). The *Wolff* decision held "[w]e need not decide, however, which, if any, of the asserted rights are operative here, for the question is whether, assuming some constitutional right is implicated, it is infringed by the procedure now found acceptable by the State....we think that [the prison officials], by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, have done all, and perhaps even more, than the Constitution requires." "The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband." *Gardner* at 431; citing *Harrod v. Halford*, 773 F.2d 234 (8th Cir. 1985); *Morgan v. Montanye*, 516 F.2d 1367 (2nd Cir. 1975).

It has been the position of the Alabama Court of Criminal Appeals that an inmate "does not have a liberty interest in a particular custody or security classification." Block v. Alabama Department of Corrections, 923 So.2d 342 (Ala. Crim. App. 2005); Handley v. State, 549 So.2d 630, 631 (Ala. Crim. App. 1989). (Others citations omitted.) The

Alabama Court of Criminal Appeals has also held "'[t]he classification scheme adopted by the Alabama prison system to determine the custody status of prisoners "is not arbitrary and capricious, but reasonable and appropriate."'" Block at 343; citing Hill v. State, 594 So.2d 246, 248 (Ala. Crim. App. 1992) (Other citations omitted). "[C]ustody classifications in prison do not amount to matters in which the inmate has a constitutional right." Block at 343; Hadley, 549 So.2d at 631.

Although, the Alabama Supreme Court held in Ex parte Berry, 794 So.2d 307 (Ala. 2000) that an inmate had a protected liberty interest in work release once classified in said program that has since changed. The Alabama Court of Criminal Appeals held in Ward v. State, 929 So.2d 1048, 1050 (Ala. Crim. App. 2005) the following:

> However, subsequent to the Supreme Court's decision in *Ex parte Berry*, the DOC changed the language in its *Classification Manual*. On July 9, 2003, the *Classification Manual* was amended to delete the requirement that a due-process hearing be held before an inmate is removed from work-release status. The pertinent language now reads: "[A] reclassification process is not required in order to remove an inmate from work release." This language does not prevent the arbitrary removal of an inmate from the work release program; therefore, this language does not create a liberty interest in remaining in the work-release program, like the language in the *Classification Manual* as the time in *Ex parte Berry* was decided did.

Due to this change in the *Classification Manual* and the Ward ruling, the Petitioner does not have a liberty interest in the work release program and is "not entitled to the due-process protections of Wolff v. McDonnell, 415 U.S. 539 (1974)." (Ward at 1050.). As the Ward Court held, the Petitioner's "claim that he was entitled to due process before being removed from the work-release program, or whatever grounds he asserts, is without merit." (Id.) Therefore, Petitioner does not a have protected right or liberty interest in a lesser restrictive custody level or work release program.

12

Wherefore these premises considered, the Defendants pray that this Honorable Court will find that the Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/TARA S. KNEE
TARA S. KNEE
ASSISTANT ATTORNEY GENERAL
ASSISSTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Charles Hicks
AIS #246241
Staton Correctional Facility
P.O. Box 56
Elmore, AL 36025

/s/Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Charles Hicks, #246241 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Alabama Dept. of Corrections, et al., )<br>)<br>Defendants, ) | CIVIL ACTION NO. 2:07-CV-257-MHT |

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county, personally appeared Debra Kay Martin, who being known by me and first duly sworn, deposes and says on oath as follows:

My name is Debra Kay Martin and I am presently employed as a Classification Specialist with the Department of Corrections, Frank Lee Youth Center, Deatsville, Alabama. I am over twenty-one (21) years of age and I have personal knowledge of the facts set forth herein.

1. Defendant Martin has not violated the Plaintiff's Civil or Constitutional Rights and has performed her job as directed in the Alabama Department of Corrections Regulation Classification Manual.
2. Defendant Martin classifies every inmate in accordance with the ADOC Classification Manual Criteria regardless of the inmate's knowledge of the Manual.
3. Defendant Martin has not denied Plaintiff any privileges because he filed a previous lawsuit.

_____
Debra Kay Martin

STATE OF ALABAMA )
ELMORE COUNTY )

SWORN AND SUBSCRIBED BEFORE ME AND GIVEN UNDER BY HAND AND OFFICIAL SEAL THIS, THE 29th DAY OF May, 2007.

_____
Notary Public