IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES HICKS, # 246241,           )
                                   )
          Plaintiff,               )
                                   )
v.                                 )     CIVIL ACTION NO. 2:07cv257-MHT
                                   )
JOHN CUMMINGS, *et al.*,           )
                                   )
          Defendants.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the plaintiff, a state inmate, complains that his constitutional rights were violated when he was denied reclassification to work release. For the reasons which follow, the court concludes that this case should be dismissed with prejudice.

A review of the complaint as amended demonstrates that the plaintiff is not entitled to the relief he seeks. First, the plaintiff seeks injunctive relief in that he seeks to be assigned to work release.[1] On July 20, 2007, the plaintiff filed a notice of change of address indicating that he was assigned to Alexander City Community Base work release program. On February 25, 2008, the plaintiff notified this court that he was now residing at the Aletheia House in Birmingham, Alabama.[2]

Because the plaintiff was transferred to work release and now appears to be residing in a treatment facility in Birmingham, his claims for injunctive relief are moot. A case is

---

[1] The plaintiff also requests injunctive relief in that he wants "the U.S. Dept. of Justice to get me out of prison and also put warrants on these people to see Justice done." (Doc. # 1, Compl. at 4).

[2] Aletheia House is a residential substance abuse treatment facility.

moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 440 U.S. 625 (1979). The test is (1) there is no reasonable likelihood of a recurrence of the alleged violation <u>and</u> (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Id.* The plaintiff's move to work release and then to Aletheia House is the requisite interim events. Past exposure to illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). All of the plaintiff's claims for injunctive relief are due to be dismissed.[3] *See County of Los Angeles, supra.*

To the extent that the plaintiff is complaining about the denial of placement on work release, his claim fails as a matter of law. The defendants' decisions concerning how to characterize or *classify* the plaintiff do not mark a "dramatic departure from the basic conditions" of the plaintiff's sentence, *Sandin v. Conner*, 515 U.S. 472, 485 (1995), and, therefore, the classification decisions of the defendants do not implicate the plaintiff's constitutional rights. *See also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Constitution itself does not confer any right upon an inmate to any particular custody or security classification.); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has

---

[3] On May 13, 2008, the court issued an order directing the plaintiff to should show cause why this case should not be dismissed as moot (doc. # 24). *See County of Los Angeles v. Davis*, 440 U.S. 625 (1979). The time allotted to the plaintiff for filing a response expired on May 28, 2008. To date, the plaintiff has filed nothing in response to the court's prior orders despite being given ample opportunity to do so.

authorized the State to impose."). Because Hicks had no constitutionally protected interest, the DOC may deny Hicks access to work release for a good reason, a bad reason, or no reason at all. Thus, the decision of the DOC to deny Hicks access to work release does not violate his constitutional rights.

## CONCLUSION

Accordingly, it is the RECOMMENDATION that this case be dismissed and that the costs of this proceeding be taxed against the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 19, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of June, 2008.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE